# CASES

# SUPREME JUDICIAL COURT

### COUNTY OF OXFORD, MAY TERM, 1835.

---

### WHITE et ux. vs. HOLMAN.

In a real action by husband and wife, to recover possession of land claimed in her right, evidence of the wife's declarations, made during coverture, was held not to be admissible for the defendant.

THIS was a writ of entry to recover seizin and possession of an undivided ninth part of a tract of land lying in *Dixfield*, in this County, in which the demandants counted upon their own seizin in right of the wife, and upon a disseizin by the tenant.

The tenant claimed title under a conveyance in fee and in mortgage by the father of the wife from whom the land descended, and the main question in the cause was, whether the mortgage had been paid and discharged.

Among other evidence to this point, the defendant offered to prove certain declarations of the demandant's wife. This was objected to by the demandants' counsel; but the Chief Justice, intending to reserve the question for the consideration of the whole Court, admitted it.

A verdict was returned for the defendant, which was to be set aside and a new trial granted, if the evidence received should have been rejected; otherwise, judgment was to be rendered thereon.

*R. Goodenow,* for the demandants, argued against the admissibility of the wife's declarations, insisting that, wherever they had been admitted, it was upon the ground of her *agency* for the husband, or from *the necessity of the case.* He cited the follow-

White et ux. *v.* Holman.

ing authorities : 2 *Stark. Ev.* 706 ; 1 *Stark. Ev.* 103 ; 2 *Kent's Com.* 178 ; 2 *Term Rep.* 265 ; *Sheppard's Ex.* v. *Starke et ux.* 3 *Mum. Rep.* 29 ; *Pillem* v. *Foster,* 1 *B. &. C.* 248 ; *Kelley* v. *Small,* 2 *Esp. Cas.* 716 ; 2 *Stark.* 703 and 708 *in notis ; Davis* v. *Dinwoody,* 4 *Term Rep.* 678 ; *Alban et ux. &. Ratcliffe et ux. Exrs.* v. *Pritchett,* 6 *Term Rep.* 680 ; *Lessee of Moody* v. *Fulmer, Wharton's Dig.* 249, cited in 2 *Stark.* 707, in note ; *Commonwealth* v. *Manly,* 12 *Pick.* 176.

*Davies,* for the defendant, contended that the evidence was admissible, and cited the following authorities to show that the wife's declarations had been admitted, 1. without the limitation of *agency ;* 2. with the limitation of *not violating confidence,* and 3. in regard to *facts within her own knowledge,* in cases *affecting the interest of the husband. Haven* v. *Brown,* 7 *Greenl.* 421 ; *S. P.* 5 *Esp.* 72, 134; 2 *Taunt.* 565; 10 *Ves.* 128; 2 *Esp.* 511 ; *Gregory* v. *Parker,* 1 *Camp.* 394; 1 *Strange,* 527 ; *Fenner* v. *Lewis,* 10 *Johns.* 38; *Walton* v. *Green,* 1 *Carr. & Paine,* 621 ; *Aveson* v. *Lord Kinnaird,* 6 *East,* 188 ; *Cary* v. *Atkins,* 4 *Camp.* 92 ; *Fitch* v. *Hill et ux.* 11 *Mass.* 486 ; *Williams* v. *Johnson,* 2 *Strange,* 504 ; *Richardson* v. *Learned,* 10 *Pick.* 268.

2. Evidence of the wife's declarations are also admissible in this case on the ground of her being *a party in interest.* 7 *Term Rep.* 604 ; *Rex* v. *Hardwick,* 11 *East,* 578 ; *Hanson* v. *Parker,* 1 *Wils.* 257 ; 16 *East,* 143; 3 *Camp.* 465 ; 7 *Term Rep.* 665 ; *Harrison* v. *Valland,* 1 *Bing.* 45 ; *Richardson* v. *Field,* 6 *Greenl.* 305 ; *Parker* v. *Merrill & al.* 6 *Greenl.* 43 ; 1 *Stark. Ev.* 69 ; *Dale* v. *Johnson,* 1 *Strange,* 568.

WESTON C. J. delivered the opinion of the Court.

It is urged, that the declarations of the wife objected to, do not appear by the report to have been made during the coverture, and that they might have been made before, or in the presence of him, who became her husband. They are reported to have been made by the demandant's wife, which must be understood, while she sustained that relation. If the fact was otherwise, it should have been so stated, or if made in the presence of the husband, which is not to be presumed from the report.

It does not appear that the husband had an inchoate right, as tenant by the curtesy, to the land demanded, which was the inheritance of the wife, but besides his interest in the costs of the suit, he had an undoubted right to enjoy the land, and to receive the rents and profits to his own use, during the coverture. He had important rights then to be affected by the declarations of the wife, received in evidence. It is conceded that it is a general rule of law, that husband and wife cannot be received as witnesses for or against each other. But many cases have been cited by the counsel for the defendant, to show that declarations of the wife have been received, under certain circumstances, to charge or affect the husband. And upon examination, they will nearly all of them be found to turn upon the assumption, that when making such declarations, she was acting as his agent.

It has been contended, that their admission in these cases, has been carried further in practice, than the principle would legally warrant. It may have been so; but that must have resulted from a misconception of the facts, rather than the law. And where the principle of law laid down is misapplied, it cannot be received as a precedent, beyond the legitimate range of the principle. When an agent has discharged his duty, and his authority is determined, his admissions do not affect his principal. But where the admissions, offers, or promises of the wife have been received to affect the husband, she being regarded as his agent, it must have been upon the ground, that in relation to the subject matter, she had a continuing agency, express or implied, under him to direct and control it, until it was finally disposed of. If in any case the agency assumed, upon which the admission was predicated, was carried too far, it was merely a mistake of the fact.

In this case, it is not pretended, that in making the declarations received, the wife acted as the agent of her husband, so as to bring the testimony within the principle, which governed that class of cases.

In *Aveson* v. *Lord Kinnaird et als.* 6 *East*, 188, the declarations of the wife, whose life the plaintiff had caused to be insured by the defendants, while she lay apparently ill, were received, as to the state of her health then, and also a few days before, when the policy was effected. *Lord Ellenborough* held the testimony

admissible, upon the ground that the answers of patients, to inquiries put to them as to their symptoms and complaints, must be resorted to from the very nature of the thing. And that she having been before examined by the surgeon, who had testified as to her satisfactory answers to his inquiries, the subsequent inquiry and her answers were receivable, as a sort of cross-examination. *Grose J.* thought her answer to the inquiry, why she was in bed, the best evidence the nature of the case afforded. He added, that " in strictness, such declarations are admissible, not so much as evidence of the confessions of the wife against her husband, as of the actual state of her health, in her own opinion at the time. But in getting at this opinion, it is impossible to help particular expressions mingling with it, and coming out from the witness to explain that fact, which are not evidence of the particular facts alluded to." *Lawrence J.* was of opinion, that as the husband had introduced testimony of what she had said to the surgeon in his favor, and had made it evidence, " the same sort of examination could not cease to be evidence, because it turned against him." In our opinion, no general principle can be extracted from a case, so peculiar in its character.

In *Fitch* v. *Hill et al.* 11 *Mass.* 206, the deposition of the wife was received in evidence, the husband being no party to the suit, and having only a contingent interest in the subject matter. *Richardson* v. *Learned,* 10 *Pick.* 262, adopts the same principle, upon the authority of the case last cited.

The policy of the law, which does not admit husband and wife to be witnesses for or against each other, equally extends to the declarations of either, not within any established exception. Aside from this objection it is undoubtedly true, and well sustained by the authorities cited, that the confessions of a party to the record, or of a party in interest, are receivable in evidence. But the application of this rule to a feme covert, who is made a party with her husband is objectionable upon another ground. Her civil capacity is merged in that of her husband. She is incompetent to affect by any act or declaration of hers, except in connection with her husband, her own interest, much less his. But she would be permitted indirectly to affect both, if her declara-

tions or admissions as a formal party to a suit, were receivable in evidence.

There are direct authorities, most of which have been cited for the plaintiffs, against the competency of the evidence here received. *Kelley and wife* v. *Small*, 2 *Esp. Rep.* 716, was assumpsit for a sum of money lent by the wife, while sole. The defendant offered to prove that, after the marriage, the wife admitted that she had no demand against him. *Lord Kenyon* held the testimony inadmissible. It would be receiving admissions of the wife to the prejudice of the husband. *Alban and wife and Ratcliffe and wife* v. *Pritchett*, 6 *T. R.* 680, was an action brought by the plaintiffs, in right of their wives, executrixes of *T. Stead*. Evidence of the declarations of the wife of *Ratcliffe*, in favor of the defendant, was rejected. *Lord Kenyon* held, that the husband had an interest in the cause, which could not be affected by the wife, and that it was quite immaterial, whether his right was or was not *jure uxoris*. In *Dunn* v. *White and wife*, 7 *T. R.* 112, it was held by the court, that the wife's confession of a trespass, committed by her, could not be given in evidence to affect the husband, in an action, in which he is liable for the damages and costs. And in *Lessee of Moody* v. *Palmer*, in the Supreme Court of *Pennsylvania*, cited 2 *Stark.* 707, note (2), which was brought to recover land, in which the wife was jointly interested, and a party to the suit, her declarations were not permitted to be given in evidence.

The opinion of the Court is, that in the case under consideration, the declarations of the wife, received at the trial, were not legally admissible.

*New trial granted.*